FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2012 OCT 16 AM 11 13

STEPHAN HARRIS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ANNAMARIE LAST NAME UNCERTAIN, a/k/a Annamarie Riethmiller,<br><br>Plaintiff,<br><br>vs.<br><br>ELECTORS FOR THE STATE OF WYOMING,<br><br>Defendant. | Case No. 12-CV-215-S |

## ORDER

Plaintiff Annamarie LNU[1], who appears to have been previously known as Annamarie Riethmiller, attempts to bring this action against Defendants the "Electors for the State of Wyoming" on behalf of herself and 649 mental health patients[2] located in the State of Florida. Now pending

---

[1] Plaintiff asserts that she "no longer [has] certainty as to [her] last name as a direct result of the Obama regime." [Doc. 1 at ¶ 3.]

[2] Plaintiff may represent herself in this matter as a *pro se* litigant; however, because she is not a licensed attorney, she may not represent the interests of any other individual or entity before this Court. *See Divine Church of God and Christ v. Taxation & Revenue Dept.*, 116 F.3d 1489, 1997 WL 355326 (10th Cir. 1997) (table opinion) (citing *Turner v. American Bar Ass'n*, 407 F.Supp. 451 (1975)(consolidation of cases from across the nation at the order of Chief Justice

before the Court is a Complaint styled as a "Motion for Delcaratory [sic] Orders and an Interdict" and Plaintiff's Motion to Proceed In Forma Pauperis. For the reasons set forth more fully below, Plaintiff's Motion to Proceed In Forma Pauperis [Doc. 2] is **DENIED** and Plaintiff's Complaint [Doc. 1] is **DISMISSED**.

### DISCUSSION

Under 28 U.S.C. § 1915(a), a district court may "authorize the commencement ... of any suit [or] action ... without prepayment of fees or security therefor," when the party bringing suit provides and affidavit and statement demonstrating that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under § 1915(e)(2), this Court is required to dismiss a case if the Court determines that the action is "frivolous or malicious" or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(I)-(ii). "Thus, in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

The Supreme Court has construed the term "frivolous" within the context of 28 U.S.C. § 1915, as follows:

a complaint, containing as it does both factual allegations and legal conclusions, is

---

Warren Burger to address the issues of pro se representation and the right of unlicensed persons to represent others), *aff'd, Taylor v. Montgomery*, 539 F.2d 715 (7th Cir.1976) and *Pilla v. American Bar Ass'n*, 542 F.2d 56 (8th Cir.1976)).

frivolous where it lacks an arguable basis either in law or in fact.... [The IFP statute]'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (internal quotation and alteration marks omitted).

In her 52-page Complaint, Plaintiff, a resident of Bradenton, Florida is suing the "Electors for the State of Wyoming" on behalf of herself and 649 other Florida residents. This lawsuit appears to be one of many actions Plaintiff filed in federal courts across the country. A nationwide PACER search reveals that Plaintiff has filed similar or nearly identical lawsuits in the federal courts of Wisconsin, Missouri, Colorado, Illinois, Montana, New Jersey, Pennsylvania, Delaware, Arizona, Nevada, North Dakota, Mississippi, Kentucky, Massachusetts, Delaware, Idaho, Georgia, Nebraska, Michigan, Indiana, Oregon, Ohio, Kansas, Alabama, New Hampshire, Louisiana, Washington, Texas, Maine, Virginia and Maryland.

Even giving Plaintiff's Complaint the most liberal reading, the Court cannot discern any

arguable basis in fact or law to state a valid legal claim, nor could any Defendant reasonably discern the basis for Plaintiff's cause against it. Much of the Complaint sets forth rambling, stream-of-consciousness allegations of constitutional violations and crimes by President Obama and other federal and state officials, including state judges acting in their judicial capacity, who are clearly immune from suit. The topics covered in the rambling document range from assertions that the President fails to meet the Constitutional citizenship requirements necessary to hold the office to assertions that a psychiatrist in Florida testified under a fraudulent license in a number of mental health cases in Florida and made use of "the transference phenomenon and Stockholms [sic] syndrome," resulting in Plaintiff's ex-husband filing for divorce.

Plaintiff's Complaint fails to set forth a comprehensible legal theory and fails to comply with the minimal pleading requirements of Fed. R. Civ. P. 8(a). Because Plaintiff's allegations are frivolous and fail to state a claim upon which relief can be granted, this Court is obligated under 28 U.S.C. § 1915(e) to dismiss Plaintiff's Complaint.

WHEREFORE, for the reasons set forth above, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED** and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this 16th day of October, 2012.

Scott W. Skavdahl
United States District Judge